### THE STATE v. JACOB WAHLE.

Submitted December 7, 1911—Decided February 27, 1912.

Under the seventy-fourth section of the Criminal Procedure act an indictment is properly framed which charges that the defendant, upon a day specified, and on divers other days and times between the specified date and the day of the finding of the indictment, unlawfully and habitually sold, and offered and exposed for sale, and knowingly permitted to be sold, offered and exposed for sale, spirituous, vinous and malt liquors without a license for that purpose first had and obtained.

---

On error to Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiff in error, *Charles E. Cook* and *Wilbur A. Heisley.*

For the state, *John S. Applegate, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The indictment preferred by the grand jury of Monmouth county against the plaintiff in error charged that he, "on the 1st day of May, in the year 1911, and on divers other days and times between that day and the day of the finding of the indictment, unlawfully and habitually did sell, offer and expose for sale, and cause and knowingly permit to be sold, offered and exposed for sale, to F. P. M. and W. C. G., and other persons, whose names are to the grand inquest as yet unknown, by less measure than one quart certain spirituous, vinous, malt and brewed liquors, to wit, whiskey and lager beer, without a license for that purpose first had and obtained, contrary," &c.

The plaintiff in error demurred to the indictment upon the ground that it was void for duplicity, in that it charged two separate and distinct offences, namely, selling liquor and permitting liquor to be sold. The demurrer was overruled, and the defendant was then sentenced to pay a fine of $75 and costs and to be confined in the county jail for the term of five months.

The single ground upon which the judgment under review is attacked by the plaintiff in error is that the trial court erred in overruling the demurrer.

The seventy-fourth section of the Criminal Procedure act of 1898 provides that "it shall not be lawful hereafter to indict any person or persons for the offence of maintaining a common law nuisance or keeping a disorderly house where the offence sought to be punished consists wholly in the unlawful sale of spirituous, vinous, malt or brewed liquors; but in all such cases the indictment shall be in form for the sale of intoxicating liquors contrary to law." The purpose of this statute is beyond question. It is to substitute for the common law form

of indictment for keeping a disorderly house a statutory form, where the habitual violation of law complained of consists in sales of liquor in violation of statutory provisions. It is not necessary that these violations shall, each of them, be the personal act of the defendant; some of them may be his own acts; some of them may be acts done by his agents or employes under his authority or by his permission. Taken together, they constitute the habitual violation struck at by the statutory provision which has been cited.

The indictment in the present case was not objectionable for the reason complained of by the plaintiff in error.

The conviction under review will be affirmed.